# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 18-0138-WS |
| | ) | |
| DANTE ANTWAN HILL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the defendant's motion to suppress. (Doc. 25). The government has filed a response and the defendant a reply, (Docs. 28, 30), and the motion is ripe for resolution. Neither side requests an evidentiary hearing, and the Court concludes that none is needed in order to appropriately resolve the motion.

The defendant seeks to suppress all evidence seized during a search of his residence. The search warrant authorized law enforcement to search the defendant's residence for cell phones, phone bills, documents, ledgers, currency, photographs, lock boxes, safes, weapons and drug paraphernalia. (Doc. 28-1 at 1). The warrant was issued on the strength of a police officer's affidavit. (*Id*. at 3-5). The defendant argues that the affidavit asserts only a single controlled buy away from the residence and that this is inadequate as a matter of law to establish probable cause to believe that evidence of illegal activity would be discovered at the residence. (Doc. 30 at 1).

The affidavit in fact asserts more than a single controlled buy away from the residence. The affidavit states that law enforcement was contacted by a confidential informant, who advised that the defendant sells marijuana in Mobile County and that he/she could purchase marijuana from him. Within 72 hours before the affidavit was executed, the informant participated in a controlled buy at a location removed from the defendant's residence. The affiant stated that he had received training in the conduct of drug dealers and had debriefed drug defendants, informants and other witnesses with personal knowledge of, and experience with, how such operations are conducted. The

affiant further stated that, through this training and experience, he has found that drug dealers often keep large sums of cash, maintain records of their illegal dealings, use cell phones to conduct their dealings, and keep safes and/or lock boxes to hide their cash and other proceeds of their drug activity. The affiant also stated that drug dealers commonly conduct their drug deals away from their residence in order to keep thieves from stealing the drugs and drug proceeds they keep there, and to keep law enforcement from discovering where they reside.

The affidavit thus establishes the following: (1) a specific sale of marijuana by the defendant to a confidential informant; (2) the reliability of the informant; (3) based on the informant's reliability, the defendant's ongoing practice of selling marijuana (not a one-time sale); (4) the common practice of drug dealers keeping drugs, weapons, business records and large sums of cash secured someplace; (5) the common practice of drug dealers using their residences for these purposes; and (6) the common practice of drug dealers making sales away from their residences precisely because evidence (including proceeds) of their illegal activity is kept there. The defendant makes no challenge to the accuracy, reliability or weight of items (2) – (6); instead, he ignores them.

"Where a warrant to search a residence is sought, the affidavit must supply the authorizing magistrate with a reasonable basis for concluding that Defendant might keep evidence of his crimes at his home, i.e., a safe yet accessible place." *United States v. Kapordelis*, 569 F.3d 1291, 1310 (11th Cir. 2009) (internal quotes omitted). Indeed, the Eleventh Circuit acknowledges the "common-sense realization that one tends to conceal fruits and instrumentalities of a crime in a place to which easy access may be had and in which privacy is nevertheless maintained," and it recognizes that, "[i]n normal situations, few places are more convenient than one's residence for use in planning criminal activity and hiding fruits of a crime." *Id*. (internal quotes omitted).

Thus, for example, "[e]vidence that a defendant has stolen material which one normally would expect him to hide at his residence will support a search of his residence." *United States v. Jenkins*, 901 F.2d 1075, 1080-81 (11th Cir. 1990) (internal

quotes omitted).  Probable cause to believe the defendant stole something (cash) capable of being hidden in a home, combined with an experienced law enforcement officer's statement that money thieves are most likely to hide the money in their homes, "provided sufficient probable cause to justify a search of [the defendant's] home." *Id*. at 1079, 1081; *accord United States v. Tate*, 586 F.3d 936, 943 (11th Cir. 2009).

The same principle applies to search warrants directed to the homes of drug dealers.  An affiant's statement that, based on his knowledge, training and experience, "dealers often store at their home illicit cash proceeds, receipts, and other evidence of their crimes …, along with the evidence that [the defendant] violated the Act, provided probable cause to search [his] home." *United States v. Joseph*, 709 F.3d 1082, 1100 (11th Cir. 2013).

To the doubtful extent that any of the defendant's three cases (two state court opinions and one federal trial court opinion) support his position, they cannot supplant the binding authority of the Eleventh Circuit cases addressed above.

For the reasons set forth above, the defendant's motion to suppress is **denied**.

DONE and ORDERED this 18th day of September, 2018.

                                          s/ WILLIAM H. STEELE
                                          UNITED STATES DISTRICT JUDGE